NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 24 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRADFORD T. HINES, Plaintiff-Appellant, v. NATIONAL CONTINENTAL INSURANCE COMPANY; DOES, 1 - 5, Defendants-Appellees. | No. 18-55414 D.C. No. 2:17-cv-07772-JVS-JC MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Submitted December 13, 2019**
Pasadena, California

Before: BOGGS,*** WARDLAW, and BEA, Circuit Judges.

Bradford Hines appeals the district court's dismissal of his complaint with

prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6). We review de

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Danny J. Boggs, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

novo, *Soltysik v. Padilla*, 910 F.3d 438, 444 (9th Cir. 2018), and affirm.

Hines is a former inmate who, in separate litigation, obtained a default judgment against a prison-transportation contractor, Extradition Transport of America ("ETA"), and its owner Billy Taylor. That default judgment was granted for Eighth Amendment violations that occurred in 2010, during the 19 days ETA and Taylor transported Hines between prisons in Texas and Nevada. The default judgment included compensatory damages against both defendants and punitive damages against Taylor. In the present action, Hines seeks payment of the prior judgment from National Continental Insurance Co. ("NCIC"), which was previously ETA's insurer. Hines argues that under the Motor Carrier Act and its implementing regulations, NCIC must pay the judgment that resulted from the violations of Hines's Eighth Amendment rights.

Hines's claim against NCIC is irreconcilable with the law. Recovery against insurers of motor carriers under 49 U.S.C. § 13906(a)(1), 49 C.F.R. § 387.301(a)(1), and Department of Transportation Form MCS-90B is limited to "any final judgment received against the insured for public liability[1] resulting from negligence in the operation, maintenance or use of motor vehicles." U.S. Dep't of Transp., *Form MCS-90B: Endorsement for Motor Carrier Policies of Insurance*

---

[1] "Public Liability" is defined in the MCS-90B as "liability for bodily injury, property damage, and environmental restoration."

2

*for Public Liability under Section 18 of the Bus Regulatory Reform Act of 1982*, https://tinyurl.com/rwbyxxf. Hines brought his original claim on an Eighth Amendment theory of liability and proved in securing default judgment that ETA and Taylor exhibited a minimum of "deliberate indifference" towards him and "[knew] of and disregard[ed] an excessive risk to [his] health or safety." *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). This is a standard clearly at odds with negligence. The award of punitive damages against Taylor was similarly based on Taylor's "reckless or callous indifference" to Hines's Eighth Amendment rights. *See Smith v. Wade*, 461 U.S. 30, 56 (1983). Having won default judgment on a theory that ETA and Taylor acted with deliberate indifference to known risks in causing his injuries, and that Taylor additionally acted with reckless or callous indifference to his constitutional rights, Hines may not now turn around and allege that the default judgment was granted based on the "negligent operation, maintenance, or use of motor vehicles." 49 C.F.R. § 387.301(a)(1).

**AFFIRMED.**